Madigan, J.
The father of a young woman to whom the plaintiff was attentive received from the defendant a letter containing this statement: “Did you know that Albert King is a damaged goods chap. I write this for your daughter’s sake.” Alleging that thereby the defendant intended to charge that he was afflicted with syphilis, the plaintiff brought an action for libel and recovered a verdict. The case is before the Law Court on two exceptions to the admission of evidence and one to a portion of the charge of the presiding Justice.
First, plaintiff was allowed to state to the jury that after the receipt of the letter before continuing his attentions he was obliged to satisfy the parties that he was “physically all right,” and that this he did by a doctor’s certificate. The certificate itself was not introduced and the statement had no bearing on the truth or falsity of the contents thereof. It had however certain probative force as to the injurious nature of the language as reasonably understood by the recipient of the letter. There was nothing improper in the admission of this evidence and the first exception is therefore overruled.
Second Exception.
A witness was permitted to testify that the words “damaged goods chap” meant that one was afflicted either with syphilis or *530 gonorrhea. The preliminary query as to whether the witness was qualified to so testify was within the discretion of the presiding Justice. The propriety of receiving such evidence is well settled. “The meaning of the defendant in the language used, when it is ambiguous or consists of expressions not in common use, but bearing a known meaning among certain persons, may be explained by those who know their application.” Commonwealth v. Morgan, 107 Mass., 199. Odgers on Libel and Slander, 5 ed., page 684. This exception is therefore overruled.
Third Exception.
The presiding Justice instructed the jury in effect as follows: “In libels the court ordinarily from an inspection of the language used can determine whether it was in its matter libellous or could be libellous. That is a matter for the court, not a matter for the jury. It is a question of law as the courts have held, whether the language used is susceptible of the meaning attributed to it, — not -<whether it did mean that — in this case — but whether it could mean that. That is a matter of law. The meaning attributed to the language used in this case was that the plaintiff was there and then suffering from the loathsome and infectious disease of syphilis. Language is sometimes used that without some information the court cannot say from the words themselves what they do mean. Yet the words may be in more or less common use so that the parties using them know what the words mean and the court may not. In this ease I have listened to the evidence of the parties in regard to the meaning attributed to the words in this locality where these parties live. You have heard the evidence, but it is for me to decide the question and I instruct you, as a matter of law, that the use of the words “he is a damaged goods chap” is susceptible of meaning that he is afflicted with syphilis in some degree or form. Not that he had suffered from it sometime before and has been cured, but the language is susceptible of the meaning that he then was afflicted with it in some degree, in some way. So that the language in the light of the evidence we have as to its use and meaning is of a nature to be libellous.”
What imputations in the abstract are actionable is a question of law, and when the language is clear and unambiguous the ques *531 tion as to whether or not it is actionable is one for the court, as is also the question whether or not the words as explained by the inducement or colloquium are reasonably susceptible of the meaning which is attributed to them by the innuendos. Ency. Law, Vol. 18, page 990.
Where the words in a particular case are ambiguous and are fairly capable of two meanings, one harmless and the other defamatory, according to the occasion on which they were used or the surrounding circumstances with reference to which they are to be construed the question as to the meaning of the words and the sense in which they were used is for the jury. Ency. Law, Vol. 18, page 991.
Written or printed language alleged to be defamatory, is in law capable of the same sort of modification by explanatory evidence as oral language, and when upon trial the question depends upon evidence to be introduced in connection with the publication it is properly left to the jury to say whether the language is libellous or not, the same rule prevailing as in similar cases of slander. Whether or not the language used will bear the interpretation given to it by the plaintiff, whether or.not it is capable of conveying the meaning which he ascribes to it, is in such a case a question of law for the court. What meaning the words did convey to the readers is in such a case a question of fact for the jury. It is not the intention of the writer, or the understanding of any particular reader that is to determine the question. It is rather the effect which the language complained of was fairly calculated to produce and would naturally produce upon the minds of readers of reasonable understanding, discretion and candor, after it has been examined and considered in connection with all other parts of the writing, and in the light of all the facts and circumstances known to them. Thompson v. Sun Publishing Co., 91 Maine, 203.
The words must be fairly susceptible of the defamatory meaning put upon them by the innuendos or the judge at the trial will stop the case. The judge must decide if the words .are reasonably capable of two meanings; if he so decides the jury must determine which of the two meanings was intended. Odgers on Slander & Libel, 5 ed., page 129, citing 6 App. Cases, page 158, Jenner v. A. Becket, L. R. 7, Q. B., 11, 41 L. J. Q. B., 14.
*532 It is for the court to determine whether the words are capable of the meaning alleged in the innuendo, it is for the jury to determine whether that meaning was properly attached to them. Odgers, pages 5 and 9. Under the authorities above quoted we can see no error in this part of the charge to which exception is taken, the same dealing solely with the province of the court. The entire charge was not made a part of the printed record, and if the defendant’s attorney felt that the duty of the jury was not made sufficiently clear, the omission could have been easily supplied by a request for further instruction.
Two elements were involved, first, was a statement that plaintiff had the syphilis at the time of the allegation libellous if untrue; second, were the words “he is a damaged goods chap” in the mind of the court reasonably susceptible of meaning that plaintiff had the syphilis. It having been settled by the law from time immemorial that such a statement would be libellous if untrue, it was clearly the duty of the court to so state. It is equally well established that if the words used could not by any reasonable person understanding all the surrounding circumstances be understood to infer that the plaintiff had the syphilis the court should withdraw the case from the jury. The converse of this proposition must also be true, and in fact is so held. A witness was apparently truthful and informed as to the common understanding in that locality of the expression used having testified that the words imputed a charge of syphilis, and no evidence to the contrary 'having been presented, it was the duty of the court to submit the case to the jury and give his reasons therefor. ' The presiding Justice was careful to add, “not whether the language did mean that,' but whether it could mean that.” The instruction as to law was therefore entirely proper and correct. The question as to whether “is a damaged goods chap” meant that he was at the time suffering from syphilis or had been at some time in the past, was a proper matter for the ruling of the Justice, and was not a matter for the jury. This is too well-settled to need citations. All of the exceptions therefore are overruled, and the judgment is to stand.

Exceptions overruled.